**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49716**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 16, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JONATHAN LAWRENCE KING, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Judgment of conviction and consecutive, unified sentences of ten years with five years determinate for operating a motor vehicle while under the influence of alcohol and/or drugs and five years determinate for felony eluding a peace officer, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before LORELLO, Chief Judge; GRATTON, Judge;
and BRAILSFORD, Judge

_____

PER CURIAM

Jonathan Lawrence King pled guilty to operating a motor vehicle while under the influence of alcohol and/or drugs (DUI), Idaho Code §§ 18-8004, 18-8005(9); and felony eluding a peace officer, I.C. § 49-1404(2)(b). In exchange for his guilty pleas, additional charges were dismissed. The district court imposed a unified sentence of ten years with five years determinate for DUI and a consecutive five-year determinate term for felony eluding. King filed an Idaho Criminal Rule 35 motion for reduction of sentence, which the district court denied. King appeals.

1

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court.  *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).  Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying King's Rule 35 motion.  A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court.  *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989).  In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion.  *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007).  Upon review of the record, including any new information submitted with King's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, King's judgment of conviction and sentences, and the district court's order denying King's Rule 35 motion, are affirmed.